# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60533
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2019

Lyle W. Cayce
Clerk

ABDUL KARIM ISSIFI,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 991 234

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Abdul Karim Issifi is a native and citizen of Niger. In consolidated petitions for review, Issifi seeks review of decisions by the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and motion to reconsider. Issifi asserts that he sufficiently established that he has suffered past persecution and possesses a well-founded

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60533

fear of future persecution if returned to Niger on account of his conversion from Islam to Christianity.

This court generally reviews only the BIA's decision except to the extent that the immigration judge's ruling influences the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA approved of, and relied upon, the immigration judge's findings; thus, we may review the decisions of the immigration judge and BIA. *See id.*

As an initial matter, we grant the respondent's motion to file a supplemental brief addressing Issifi's second petition for review. Although Issifi's life was threatened on two occasions, the threats do not rise to the level of persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). When reviewing the immigration judge's findings as to whether Issifi possessed an objectively reasonable fear of persecution upon returning to Niger, the BIA erroneously referenced the clearly erroneous standard of review. Nevertheless, a review of the entire opinion reflects that the BIA reviewed the issue de novo. *See Mikhael v. I.N.S.*, 115 F.3d 299, 305 (5th Cir. 1997). This review also reflects that substantial evidence supports the BIA's finding that Issifi failed to show a pattern or practice of persecution in Niger against individuals who convert to Christianity. *See Eduard*, 379 F.3d at 192. Substantial evidence also supports the BIA's finding that Issifi failed to show that he could not reasonably relocate within Niger to avoid persecution on account of his conversion to Christianity. *See id.* at 189. As such, Issifi has failed to satisfy his burden of proof for asylum. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348-49 (5th Cir. 2006). Because Issifi failed to meet the bar for asylum, he does not meet the standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Accordingly, Issifi's petitions for review are DENIED. The respondent's motion to file a supplemental brief is GRANTED.